UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESUS ROSALES-LEON,<br><br>              Petitioner,<br><br>   v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>              Respondents. | CASE NO.  C07-871-RSM-MJB<br><br>ORDER DENYING MOTION FOR<br>TEMPORARY RESTRAINING ORDER |

Petitioner Jesus Rosales-Leon, proceeding through counsel, has filed a Motion for Temporary Order of Protection to Prevent Petitioner's Removal From the State of Washington to the State of Alabama. (Dkt. #2).  Having reviewed petitioner's motion for a temporary restraining order, and the balance of the record, the Court does hereby find and ORDER:

(1) Petitioner's motion for a temporary restraining order is DENIED.  The basic function of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits.  *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  In determining whether to grant a temporary restraining order or a preliminary injunction, the Ninth Circuit considers: (1) the likelihood of success on the merits;

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
PAGE – 1

(2) the possibility of irreparable injury to plaintiff if an injunction is not granted; (3) the extent to which the balance of hardships favor plaintiff; and (4) whether the public interest will be advanced by the injunction. *See, e.g., Los Angeles Mem'l Coliseum Comm'n*, 634 F.2d at 1200. The analysis is often compressed into a single continuum where the required showing of merit varies inversely with the showing of irreparable harm. *See Prudential Real Estate Affiliates, Inc. v. PRP Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000). The moving party may meet its burden by demonstrating either: (1) a probability of success on the merits and the possibility of irreparable injury; or (2) that serious legal questions are raised and the balance of hardship tips sharply in petitioner's favor. *Los Angeles Mem'l Coliseum Comm'n*, 634 F.2d at 1201.

The Court finds that petitioner does not satisfy either standard. Petitioner asserts that he was informed on June 6, 2007, that the U.S. Immigration and Customs Enforcement ("ICE") intends to temporarily transfer him from the Northwest Detention Center in Tacoma, Washington to a separate facility in Union Town, Alabama for at least 30 days. Petitioner argues that the transfer will have a substantial detrimental result on petitioner's ability to prepare his application for section 212(c) relief by the June 22, 2007 deadline, and further impact his ability to prepare for trial on August 22, 2007. Petitioner provides no argument or legal authority showing that the Court has any authority to enter such relief. Moreover, petitioner has not demonstrated any illegality with ICE's standards or procedures for transfer of persons in ICE custody. *See* ICE Detention Standard, Detainee Transfer (2004). Accordingly, equitable relief is not appropriate.

(2) The Court expresses no views at this time as to the merits of petitioner's habeas petition.

(3) The Clerk shall direct a copy of this Order to all counsel of record, and shall forward

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
PAGE – 2

a copy of this Order to Judge Benton.

DATED this 6th day of June, 2007.

/s/  JAMES L. ROBART
for RICARDO S. MARTINEZ
United States District Judge

Recommended for Entry
this 6th day of June, 2007

/s/  JAMES P. DONOHUE
for MONICA J. BENTON
United States Magistrate Judge

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER
PAGE – 3